REQUESTED BY: Honorable Senator Don Wesely Nebraska State Legislature 808 State Capitol Lincoln, NE 68509
Dear Senator Wesely:
You have furnished us a copy of LB 338 which would authorize the Department of Public Institutions to convey certain real estate located in the City of Lincoln to the County of Lancaster.
You have suggested that there are two proposed alternative methods of accomplishing this, one being a sale by land contract, and the other being a lease with an option to purchase arrangement. With respect to each of these alternatives, you ask our opinion as to their constitutionality given the requirements of Article XIII, Sections 1 and 3 of the Constitution of the State of Nebraska.
The provisions of Article XIII, Section 1, limit the indebtedness of the State of Nebraska to $100,000, and Section 3 prohibits the state from giving or loaning its credit.
In a situation where the State of Nebraska would be the potential seller and the County of Lancaster would be the potential buyer, we cannot envision a situation where the provisions of Article XIII, Section 1, dealing with a limitation on the indebtedness would arise.
With respect to the potential of a land contract conveyance, normally in such conveyances the seller contracts with the buyer for the sale of real property, the title remaining in the hands of the seller until the buyer has completed the periodic payments he has agreed to make in the land contract.
There is no question in our minds that such a contractual arrangement would involve the lending of credit. The more specific question, however, is whether or not the prohibitions contained in Article XIII, Section 3 of the Nebraska Constitution apply to arrangements between the State of Nebraska and one of its political subdivisions, i.e., Lancaster County.
This constitutional provision provides as is pertinent `the credit of the state shall never be given or loaned in aid of any individual, association, or corporation, . . .' The question then becomes whether or not the County of Lancaster is an individual association or corporation. Constitutionally speaking, the County of Lancaster is a political subdivision of the State of Nebraska and it would appear as though a plain reading of Article XIII, Section 3 would not apply to the lending of the credit by the state to one of its own political subdivisions.
However, to avoid all questions on the matter we suggest strong consideration being given to entering into a lease arrangement with an option to purchase with the county. We believe that there could be no question that such an arrangement would violate Article XIII, Section 3 inasmuch as such an arrangement would involve Lancaster County paying periodic rental payments and being given an option to purchase the property for a prearranged price. In such an arrangement it could not be argued that the credit of the state would be extended, such rental payments being paid in advance and the giving of an option to purchase being nothing more than a contractual benefit for which consideration was given.
Therefore we would be of the opinion that while a land contract arrangement would raise certain questions in our mind as to its constitutional validity, we do not believe that such would be the case where the sale were accomplished by a lease with option to purchase and we suggest that such would be the more prudent arrangement. If we can be of further assistance to you on this matter, please let us know.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General